# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AARON EUGENE BAKER,

        Plaintiff,

        v.                              Case No. 16-CV-965

MILWAUKEE POLICE DEPARTMENT
OFFICER MATTHEW SEITZ,

        Defendant.

## SCREENING ORDER

     Plaintiff Aaron Eugene Baker, who is incarcerated at Jackson Correctional Institution, is representing himself. He filed a complaint alleging that Milwaukee Police Department Officer Matthew Seitz conducted an illegal body cavity search on him. This matter comes before the court on Baker's petition to proceed without prepayment of the filing fee (*in forma pauperis*). Baker has been assessed and paid an initial partial filing fee of $12.48.

     The court shall screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in by *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Complaint's Allegations

Baker alleges that on September 4, 2010, at 1911 West Keefe Avenue, Milwaukee, Wisconsin, Milwaukee Police Department Officer Matthew Seitz conducted an illegal body cavity search on him. According to Baker, Officer Seitz placed his thumb and finger

3

between Baker's butt cheeks and Baker does not know why he did it. Baker references *State of Wisconsin v. Baker*, Milwaukee County Case Number 2010CF4399 and states that the reasons why he was initially stopped were false. Baker also states that "dash cam footage would prove my window tinting were [sic] within limits and other reasons for me to be ordered out of my vehicle and taken into custody to not exactly happen that way." (ECF No. 1 at 3.)

For relief, Baker would like his criminal case to be removed from his record. He also seeks monetary damages for emotional and mental harm, defamation of character, as well as money and time spent dealing with the situation.

Discussion

It appears that Baker alleges that Officer Seitz conducted a body cavity search on him on a public street after stopping Baker in his car. These allegations implicate Baker's rights under the Fourth Amendment, based on the reasonableness of the search. *See Campbell v. Miller*, 499 F.3d 711, 719 (7th Cir. 2007).

Baker also alleges that Officer Seitz should not have stopped him in the first place and that Baker should not have been ordered out of his vehicle and taken into custody. These allegations also implicate the Fourth Amendment. *See Matz v. Klotka*, 769 F.3d 517, 522, 524-25 (7th Cir. 2014).

Baker seeks expungement of his criminal case from his record. The court cannot grant Baker such relief in this civil case. However, Baker may proceed on his Fourth Amendment claims at this stage because it does not appear that success on such claims

4

would necessarily imply the invalidity of his criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that a claim for damages may not be pursued if its success would necessarily imply the invalidity of the criminal conviction or sentence); *see also Easterling v. Moeller*, 334 Fed. Appx. 22, 23-24 (7th Cir. 2009).

Lastly, the court notes that the docketing clerk in the office of the Clerk of Court docketed this matter as naming two defendants (Seitz and the Milwaukee Police Department) rather than a single defendant (Milwaukee Police Department Officer Seitz). The second page of the complaint is clear that only Seitz is a defendant. Accordingly, to the extent an order is necessary to correct the docket, the court will dismiss the Milwaukee Police Department as a defendant and allow the plaintiff to proceed on his Fourth Amendment claims against Officer Seitz.

### ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Milwaukee Police Department is **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S.

Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendant shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $337.52 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Warden of Jackson Correctional Institution, N6500 Haipek Road, P.O. Box 233, Black River Falls, WI 54615-0233.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. The defendant will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 23rd day of August, 2016.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge